UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CARRILLO ALDERETE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LELAND McEWEN, Warden,<br><br>　　　　　　Respondent. | Case No. CV 11-9556 GW(JC)<br><br>REVISED (PROPOSED) ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), petitioner's Objections to the Report and Recommendation and supplemental declaration of petitioner's counsel, Tom Stanley ("Stanley Decl."), and the documents lodged by respondent on January 23, 2012 ("Lodged Docs."). The Court approves and accepts the Report and Recommendation.

　　　　Petitioner raises in his Objections a new assertion that he should be afforded a later trigger date for the commencement of the statute of limitations under 28 U.S.C. section 2244(d)(1)(D). Specifically, petitioner asserts that the date on

which he discovered the factual predicate for his claims that trial and appellate counsel were ineffective in failing to raise an issue regarding the trial court instructing the jury with a modified version of CALJIC 9.35.1 (without a defense objection or a request that the jury also be instructed with CALCRIM 8.50) (see Petition at 21 (claims)), should be later than the date his conviction became final at the conclusion of direct review (*i.e.*, later than May 25, 2010).[1]

Petitioner's retained counsel has provided a declaration indicating that he began to work on petitioner's case after the petition for review was denied by the California Supreme Court on February 24, 2010. (Stanley Decl. ¶ 2). Counsel received copies of all of petitioner's appellate pleadings from petitioner's former counsel on March 10, 2010. (Stanley Decl. ¶ 2 & Ex. A). From March 10, 2010 through May 2010, counsel declares that he had a "very busy" caseload. (Stanley Decl. ¶ 3). Counsel declares that at some point he discovered the jury instruction issue but he cannot be sure of the date. Counsel is certain it was not during the months of March through May 2010 due to his schedule. (Stanley Decl. ¶ 4). Counsel speculates that it was "most likely over the summer of 2010" that he discovered the purported issue with the use of CALJIC 9.35.1. (Stanley Decl., ¶ 4). Petitioner argues that counsel proceeded with "diligence" and discovered the jury instruction "at least 3-4 months after the petition for review was denied." (Opposition at 6).

The Opposition and counsel's declaration do not provide any basis for altering the conclusion reached in the Report and Recommendation that the Petition is untimely. First, a petitioner is not entitled to counsel in a habeas corpus

---

[1] The California Supreme Court denied review of the direct appeal on February 24, 2010. The period of "direct review" after which a state conviction becomes final for the purposes of 28 U.S.C. § 2244(d)(1)(A) also includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court. Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009). Thus, the statute of limitations commenced on May 26, 2010, unless subsections B, C, or D of 28 U.S.C. § 2244(d)(1) apply.

1 action. See Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir.), cert. denied,
2 479 U.S. 867 (1986). While it may be that petitioner's retained counsel was "very
3 busy" and did not review petitioner's jury instructions and the related
4 actions/inactions of counsel until months after counsel began working on
5 petitioner's case, petitioner's choice to rely on counsel for legal assistance was
6 wholly voluntary. Thus he cannot disavow the consequences of that reliance. See
7 Towery v. Ryan, 673 F.3d 933, 941 (9th Cir.) ("A federal habeas petitioner – who
8 as such does not have a Sixth Amendment right to counsel – is ordinarily bound
9 by his attorney's negligence, because the attorney and the client have an agency
10 relationship under which the principal is bound by the actions of the agent."), cert.
11 denied, 132 S. Ct. 1738 (2012).

12     Second, as the Court previously advised, "the petitioner bears the burden of
13 proving that he exercised due diligence, in order for the statute of limitations to
14 begin running from the date he discovered the factual predicate of his claim,
15 pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th
16 Cir. 2006). "[T]o have the factual predicate for a habeas petition based on
17 ineffective assistance of counsel, a petitioner must have discovered (or with the
18 exercise of due diligence could have discovered) facts suggesting both
19 unreasonable performance *and* resulting prejudice." Hasan v. Galaza, 254 F.3d
20 1150, 1154 (9th Cir. 2001) (emphasis in original). Section 2244(d)(1)(D) does not
21 require the maximum feasible diligence, but it does require reasonable diligence in
22 the circumstances. Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied,
23 133 S. Ct. 769 (2012). Here, counsel's declaration falls far short of demonstrating
24 reasonable diligence. Counsel does not declare that any impediment beyond his
25 workload prevented him from discovering the facts allegedly suggesting both
26 unreasonable performance and resulting prejudice from counsels' inaction with
27 respect to the CALJIC 9.35.1 ineffective assistance claims.
28 ///

3

Petitioner and his trial counsel and appellate counsel certainly were aware or should have been aware that the jury was instructed with a modified CALJIC 9.35.1 prior to the time petitioner's conviction became final. That petitioner's later retained counsel may have discovered any legal significance from the instruction does not provide a later trigger date. See Hasan v. Galaza, 254 F.3d at 1154 n.3 (under section 2241(d)(1), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"; petitioner and his counsel need not understand the legal significance of known facts before the limitations period starts to run). Certainly, even if one were to focus on the legal significance of the instructions, if any, counsel's state habeas briefing on these claims contained no citation to any authority to support these claims after 2005 and no specific authority regarding the use of CALJIC 9.35.1 (see Lodged Doc. 8 at 27-30; Lodged Doc. 10 at 27-29; Lodged Doc. 12 at 23-25), suggesting there was no reason for delayed discovery of any possible legal claim.

IT IS HEREBY ORDERED that the Motion to Dismiss is granted and that Judgment be entered denying the Petition and dismissing this action with prejudice as time-barred.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 20, 2014

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE